IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA MALVEAUX | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-2049-N-BD |
| | § | |
| LITTON LOAN SERVICING, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Litton Loan Servicing, LP ("Litton"), Deutsche Bank & Trust Company ("the

Bank"), and Brice, Vander Linden & Wernick, P.C. ("the Brice Firm") move to dismiss this *pro se*

civil action brought by plaintiff arising out of foreclosure proceedings initiated against her property.

As best the court can decipher her amended complaint, plaintiff appears to accuse defendants of

fraud, conspiracy, and RICO violations by executing false affidavits in connection with the

foreclosure proceedings. Plaintiff also sues for unspecified violations of the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C. § 2605.[1]   In separate Rule 12(b)(6) motions, Litton and the

Brice Firm argue that plaintiff, who asserted nearly identical claims in a prior lawsuit, is barred by

the doctrine of res judicata from maintaining the instant action. The Bank seeks dismissal on the

ground that plaintiff has failed to state a valid claim for relief. The issues have been briefed by the

parties, and the motions are ripe for determination.

---

[1] RESPA provides, in pertinent part, that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." 12 U.S.C. § 2605(c)(1). Although a private cause of action exists under section 2605, plaintiff has failed to allege either: (1) actual damage from the nondisclosure of the assignment of the *servicing* of the loan, as compared to nondisclosure of the terms of the mortgage; or (2) a pattern or practice of nondisclosure by the defendants that would warrant statutory damages. Such an allegation is a necessary element of any claim under the statute. *Id.* § 2605(f); *see also Frazile v. EMC Mortgage Corp.*, 382 Fed.Appx. 833, 836, 2010 WL 2331429 at *2 (11th Cir. Jun. 11, 2010).

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve

the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

All four requirements of res judicata are met here. This is the second lawsuit filed by plaintiff against Litton, the Brice Firm, and the Bank arising out of foreclosure proceedings initiated against her property. In the prior action, the claims against Litton and the Brice Firm were dismissed with prejudice. *See Malveaux v. Brice, Linden, Vander & Wernick, et al.*, No. 3-10-CV-0128-L, op. at 3 (N.D. Tex. Jun. 29, 2010). Even if plaintiff does not assert identical claims herein, it is clear that both the instant action and the prior litigation arise out of the "same nucleus of operative facts." Consequently, the claims against Litton and the Brice Firm are barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

Plaintiff is not barred by res judicata from suing the Bank because her claims against this defendant in the prior litigation were dismissed without prejudice. *See Malveaux*, No. 3-10-CV-0128-L, op. at 1. Nevertheless, plaintiff has failed to allege any facts to support a viable claim for relief against the Bank. Like the pleadings filed by plaintiff in the prior litigation, her amended complaint can best be described as "a hodgepodge of incoherent rambling." *Id.* at 3. A careful review of the complaint reveals no factual allegations of wrongdoing by the Bank or its agents. To the extent plaintiff's amended complaint contains any factual allegations at all, they implicate Litton and the Brice Firm -- not the Bank. (*See* Plf. Am. Compl. at 2, ¶¶ 3-4 & 4-5, ¶¶ 25-27). The gravamen of plaintiff's fraud, conspiracy, RICO, and RESPA claims appear to be that Kelly Orlando, an attorney for Litton, executed certain affidavits containing false information that was not within her personal knowledge. (*See id.* at 2, ¶¶ 3-4). Among the information attested to by Orlando was that agents of the Brice Firm and the Bank "performed certain statutorily required acts in order to foreclose[.]" (*Id.* at 2, ¶ 3). Elsewhere in her complaint, plaintiff alleges:

- In 2009 Plaintiff began receiving demands for payment and threats of foreclosure from Deutsche Bank, as trustee and Defendants Brice, Vander Linden & Wernick.

- Upon information and belief servicing of the subject trust loan was transferred to Defendant shortly after foreclosing of the Property.

- Upon information and belief demands these demands were sent on behalf of Defendant Litton Loan Service, as substitute trustee, jointly and severally, Defendants Servicer as servicer, and/or Defendant Deutsche Bank N.A. as Trustee under the Pooling and Servicing Agreement.

- To create the appearance of authority to conduct the scheduled foreclosure Defendants Litton Loan Servicing et al and BRICE, VANDER LINDEN & WERNICK, P.C. executed, notarized, and filed with the land records a "Deed of Appointment of Substitute Trustee."

- Defendants BRICE, VANDER LINDEN & WERNICK, P.C. has filed hundreds and perhaps thousands of Deeds of Appointments of Substitute Trustee with this County's Land Records substituting themselves as "Trustee" or "Substitute Trustee," citing this same fallacious language that is completely unsupported by the Deed of Trust or Texas code, permitting them to proceed to foreclosure on property in this county.

- In the Deed of substitute Trustee, Salem Taherzadeh, and or Shelli Ortolani alleged attorney in fact of Defenant, asserts under oath that she/he is executing the Deed of Appointment of Substitute Trustee on behalf of Litton Loan Servicing appointing Defendants Brice, Vander Linden & Wernick as substitute trustee; and further asserts that Bruce, Vander Linden is an authorized agent of Litton Loan Servicing that Deutsche Bank is trustee to Defendant Litton Loan, which is itself perhaps purportedly acting on behalf of unknown, undetermined, and undisclosed certificate holders. In light of the notarization procedures of the State of Texas.

(*Id.* at 4-5, ¶¶ 22-27). Other than vague allegations that the Bank somehow acquired her mortgage, acted as "Trustee," and made demands for payment, (*see id.* at 3, ¶ 8 & 4-5, ¶¶ 22, 24, 27), plaintiff barely even mentions the Bank in her complaint. These allegations, even when liberally construed, are not enough to raise a right to relief above the speculative level. Dismissal is therefore proper under Rule 12(b)(6).

## **RECOMMENDATION**

Defendants' Rule 12(b)(6) motions [Docs. #13 & 17] should be granted. This case should be dismissed with prejudice.[2]

---

[2] Ordinarily, the court would give plaintiff an opportunity to replead in an attempt to cure the defects identified by defendants. However, plaintiff already amended her complaint once after defendants filed Rule 12(b)(6) motions. The court therefore determines that plaintiff has pled her best case, and that further amendment will cause unnecessary delay. *See Tucker v. United States*, No. 3-08-CV-1589-L, 2009 WL 3047855 at *6 (N.D. Tex. Sept. 23, 2009), *citing Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 565 (5th Cir. 2003).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE